SNYDER, APPELLANT, *v.* VILLAGE OF McARTHUR, APPELLEE.

(No. 300—Decided May 2, 1955.)

*Mr. Craig Carnes* and *Mr. E. C. Molter,* for appellant.
*Mr. A. L. Chatfield,* village solicitor, for appellee.

COLLIER, J. This suit was brought by plaintiff, appellant herein, in the Common Pleas Court of Vinton County, against the defendant, appellee herein, the village of McArthur, to recover, under contract, a balance due for the construction of sewers for the village of McArthur. Defendant, by cross-petition, claimed breach of the contract by plaintiff, and sought recoupment of liquidated damages in the amount of $4,653.41 for delay by plaintiff in completion of the improvement. Defendant also applied for an arbitration of the issues as provided by a clause in the contract between the parties for construction of the sewers. This application by defendant was allowed, and a board of three arbitrators was appointed. After a hearing, the arbitrators filed a report finding for the defendant in the sum of $4,653.41. Plaintiff then filed a motion to set aside the award of the arbitrators, and defendant filed a motion for confirmation of the report of the arbitrators. The two motions were submitted to the court by stipulation for determination upon the merits without a jury and upon the record and transcript of evidence taken by the arbitrators. The trial court found in favor of the defendant upon its cross-petition in the sum of $3,825, which was reduced to judgment by journal entry filed with the clerk of courts July 19, 1954. From that judgment the plaintiff has appealed to this court on questions of law.

The conceded facts are that the ordinances providing for the construction of sewer and water lines did not specify any time for the completion of the work and did not indicate in any manner that "time was of the essence." However, the contract

entered into between the contractor and the village provided expressly that the work was to be completed within a period of 150 days and provided, also, for liquidated damages in the sum of $25 per day "for each and every day the time employed upon said work may exceed the time stipulated for its completion." The appellant relies on the contention that the provision of the contract for liquidated damages for delay in completion of the work was not contained in the ordinances and, for that reason, may not be inserted into the contract, and is, therefore, void.

The powers of a municipality in Ohio to contract are derived from the Ohio Constitution, Section 4, Article XVIII, which reads as follows:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. * * *"

See *City of Cleveland* v. *Village of Cuyahoga Heights,* 81 Ohio App., 191, 75 N. E. (2d), 99. The procedure in such matters is prescribed by statutes, and in order to determine the validity of the contract in this case we must refer to these statutes. Section 731.05, Revised Code (Section 4211, General Code), provides:

"The powers of the legislative authority of a city shall be legislative only, it shall perform no administrative duties * * *. All contracts requiring the authority for their execution shall be entered into and conducted to performance by the board or officers having charge of the matters to which they relate. After the authority to make such contracts has been given and the necessary appropriation made, the legislative authority shall take no further action thereon."

The ordinances introduced in evidence show that the council decided to proceed with the construction of sewers, adopted certain plans and specifications, provided for the assessment of the lots and lands to be benefited, provided for the issuance of bonds to pay for the improvement, defined the territory to be included in the improvement, and, otherwise, met all the requirements of an ordinance of this kind. At this point the

council had gone as far as it could go under the statute, and the execution and supervision of the contract for the improvements then became the duty of the officers having charge of such matters. The contract in question was signed on behalf of the village by Robert Will, president of the Board of Public Affairs, attested by Evan Bobo, clerk, and on behalf of the contractor was signed by J. Fred Snyder. Plaintiff raises no question as to the legal formalities in the execution of the contract.

As we construe this statute, the council of the village of McArthur performed its full duty in the enactment of the ordinances to proceed with this improvement when they authorized the construction of the sewer and made provision for the payment of the work. From then on it became the duty of the other officers of the village in charge of such matters to execute the contract and supervise the work to completion. Of course, the contract had to be made in compliance with the ordinance as to the type and extent of the improvement, but all such details as relate to the manner of doing the work and the time of the completion of the work are the responsibility, not of the council, but of the officers of the village whose duty it is to attend to such matters. Letting a contract for a public improvement is not a legislative function. This is a novel question in Ohio. Decisions of other jurisdictions under different statutes shed little light on the question to be determined.

Provisions in contracts for damages for delay in completion of public construction are frequently made, and such contracts are measured by the same tests and are subject to the same rights and liabilities as are other contracts. 10 McQuillin Municipal Corporations (3 Ed.), 498, Section 29.125. The terms of the contract in the instant case are not unusual and in our opinion are very reasonable, considering the expenses to the village caused by the delay.

Our conclusion is that it is not necessary to include in the ordinance for a public improvement a provision for liquidated damages for delay in completion of the work in order to make valid and effective such a provision in a contract later let by the proper officers. By the express terms of the statute it became the duty of the president of the Board of Public Affairs to exe-

cute the contract and conduct the work to completion. In the performance of such duty an officer is necessarily vested with discretionary powers to fix the time of completion of the work by including a clause to that effect in the contract.

Plaintiff in his reply brief claims that the village has waived any claim it may have had to liquidated damages by accepting the work. The final estimates showed a balance due appellant of $4,002.80. The village paid the contractor $2,456.21 and retained $1,546.59 which represents the amount paid by the village to an inspector of the work for services rendered after July 10, 1951, the last completion date agreed upon by the village and the contractor. The work was not completed until December 10, 1951. At that time, apparently, the village was willing to accept this amount in full as liquidated damages. However, when plaintiff brought this action to recover the sum thus retained, the village, by way of cross-petition, claimed the full amount of liquidated damages to which it was entitled under the terms of the contract. Payment in full of the contract price and acceptance of the work by the village would constitute a waiver of such damages. *Hubbard* v. *Norton,* 28 Ohio St., 116. This was not done in the instant case, but, on the contrary, the village retained a part of the last estimate and thereby asserted its right to claim such damages. The mere fact that the village did not claim the full amount of damages provided in the contract in the first instance is not a bar to a later claim for such amount. Furthermore, if a party to an action wishes to prove a waiver upon which he relies, he must plead it. *Globe Indemnity Co.* v. *Wassman,* 120 Ohio St., 72, 165 N. E., 579. We find no such allegation in either the petition or reply.

There being no error prejudicial to the rights of the plaintiff, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Gillen, J., concur.